■ The People of the State of New York, Respondent, v Julio Morales, Appellant. [595 NYS2d 415] —Judgment, Supreme Court, New York County (Ira Beal, J.), rendered March 12, 1991, convicting defendant, after a nonjury trial, of conspiracy in the second degree, two counts of criminal sale of a controlled substance in the third degree, two counts of criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fourth degree, and criminal possession of a controlled substance in the seventh degree, and sentencing him, as a second felony offender, to concurrent terms of 6 to 12 years on the conspiracy and third degree sale and possession counts, 3 to 6 years on the fourth degree possession count and 1 year on the seventh degree possession count, unanimously affirmed.

Although the issue of defendant's standing to challenge the warrantless search of the loft area of the store in which he was arrested was unpreserved, in any event such search was justified by exigent circumstances. The record demonstrates that defendant was involved in more than a street corner drug business, and that the search and arrest had to be hastily moved forward when the informant's cover was compromised. The virtual certainty of the presence of weapons in the drug business, and the inherent danger of the loft's surveillance capabilities as evidenced by its one-way mirror, and the evidence that defendant stored cocaine there and that someone had just entered the area, together justified securing and sweeping the loft so as to protect everyone involved and prevent the destruction of evidence (see, People v Febus, 157 AD2d 380, appeal dismissed 77 NY2d 835). Concur—Sullivan, J. P., Milonas, Ross, Kassal and Rubin, JJ.